**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **NEW SPIRIT OF PRAYER MINISTRIES INC,** § | |
|    *Plaintiff*, § | |
| § | |
| § | |
| § | |
| **V.** § | **CIVIL NO. 4:25-CV-644-P** |
| § | |
| **CITY OF FOREST HILL,** § | |
|    *Defendant.* § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL
OF CASE FOR WANT OF PROSECUTION</u>**

On February 27, 2026, Plaintiff's counsel, Frank Hill and Stefanie Kline, filed a Motion to Withdraw as Attorney ("Motion to Withdraw") [doc. 18].  Thereafter, on March 2, 2026, United States District Judge Mark Pittman granted the Motion to Withdraw [doc. 19] and gave Plaintiff thirty (30) days from the date of the order to obtain new counsel and for such counsel to enter his or her appearance.  On March 10, 2023, Kenneth Williams, a representative for Plaintiff, filed an Emergency Motion to Vacate Order on Motion to Withdraw and to Compel Accounting and Disclosure ("Emergency Motion") [doc. 20].[1]  The Court, in an order dated April 1, 2026, set a hearing on Williams' Emergency Motion for Wednesday, April 8, 2026, at 10:00 a.m. [doc. 25]. Plaintiff wholly failed to appear for the April 8, 2026, hearing.  In addition, Plaintiff has failed to obtain new counsel by the deadline set forth by Judge Pittman in his March 2, 2026, order. Consequently, the Court **FINDS, CONCLUDES, and RECOMMENDS** that the above-styled and numbered case be **DISMISSED WITHOUT PREJUDICE** for failing to comply with the Court's orders and failing to prosecute this case.  *See* Fed. R. Civ. P. 41(b); *Curtis v. Quarterman*,

---

[1] Williams subsequently filed two additional motions [docs. 24, 26] relating to his Emergency Motion.  All three motions were denied in the Court's Minute Order issued this same day.

1

340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order.").

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until April 22, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

2

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 8, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE